UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IRVING J. BERRY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-1903-JSD |
| | ) | |
| BILL ARMONTROUT, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on Petitioner Irving J. Berry Jr.'s amended petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 5. For the reasons

discussed below, the petition will be dismissed.

Petitioner challenges his September 13, 1979 convictions of first degree robbery,

rape, and kidnapping in the Circuit Court for the City of St. Louis. The Court notes that

Petitioner did not fill out most of the Court-form and instead wrote his claims in the small

bottom portion of each page. This makes the petition difficult to read and follow.

Nonetheless, Petitioner raises claims which he admits were first raised in 1988, which

this Court denied on the merits. *Id.* at 2; *see Berry v. Armontrout*, No. 4:88-CV-765

(E.D.Mo). In addition, Petitioner has brought three successive habeas petitions in this

Court, which were dismissed because they lacked authorization from the Court of

Appeals. *See Berry v. Rowley*, No. 4:00-CV-1110 (E.D. Mo); *Berry v. Kemna*, No. 4:01-

CV-1086 (E.D. Mo.); *Berry v. Kemna*, No. 4:16-cv-385-NCC.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) ... to the filing of a second or successive habeas petition").

To the extent Petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that Petitioner seeks to bring new claims for habeas relief, Petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court under 28 U.S.C. § 2244(b)(3)(A). There is no evidence in the record that Petitioner has sought or received such leave. Because Petitioner has not been granted leave to file a successive habeas petition by the Eighth Circuit Court of Appeals, the petition must be denied and dismissed as successive. *Boyd*, 304 F.3d at 814 (stating that a district court should dismiss a second or successive habeas petition for failure to obtain authorization from the Court of Appeals).

Accordingly,

**IT IS HEREBY ORDERED** that the petition for habeas corpus relief under 28 U.S.C. § 2254 [ECF No. 1] and the amended petition for habeas corpus relief under 28 U.S.C. § 2254 [ECF No. 5] are **DENIED and DISMISSED as second or successive**.

**IT IS FURTHER ORDERED** that Petitioner's motions to appoint counsel [ECF Nos. 2 and 8] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. *See* 28 U.S.C. § 2253.

Dated this 6th day of May, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE